# McManus v. Doughten, Appellant.

*Equity—Corporation—Partnership—Contract—Jurisdiction.*

Where two men enter into a contract which they construe themselves as an agreement to purchase the whole of the stock of a corporation, share and share alike, and not as a partnership, and one agrees to provide a working capital for the corporation, and the other to become its manager at a salary, the rights of these shareholders, whatever they are, must be worked out through the corporation, and cannot be determined in a proceeding in equity treating them as partners.

Argued Jan. 11, 1909. Appeal, No. 394, Jan. T., 1907, by defendant, from decree of C. P. No. 4, Phila. Co., Sept. T., 1901, No. 3,738, on bill in equity in case of Patricius McManus v. Isaac Doughten and the Philadelphia and Conshohocken Stone Quarry Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction to compel the transfer of stock, for an accounting, and for the determination of mutual and reciprocal obligations of plaintiff and the defendant, Doughten.

The case was referred to George Wharton Pepper, Esq., as referee, who recommended that the prayers for relief be denied, excepting as respects the transfer of the stock.

The court entered a decree in pursuance of the recommendation of the referee.

The case sufficiently appears from the opinion of the Supreme Court.

*Errors assigned* were in not sustaining various exceptions to referee's findings of fact, and the decree entered in pursuance of the referee's recommendation.

*Dimner Beeber,* with him *J. Levering Jones,* for appellants.

*M. Hampton Todd,* with him *John A. Coyle,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 1, 1909:

It is difficult to unravel the tangled threads running through the business relations of the parties to this controversy because of the failure on their part to clearly define by contract or otherwise the rights, liabilities and duties of each. The courts cannot make a contract for them, nor can their legal rights be very satisfactorily declared when they have failed to clearly state them. On the whole we are inclined to .concur in the views expressed and conclusion reached by the learned referee and approved by the court below. We agree that the agreement of 1895 did not constitute a partnership relation. It was on its face an agreement to acquire the quarry property and hold it

as joint owners, but in point of fact the parties themselves construed it to be a contract to purchase the shares of capital stock issued by the corporation, which was done. Doughten paid one-half of the purchase price and McManus the other half. According to the terms of the agreement, each party was to own one-half of the property purchased, which in point of fact was the capital stock. They did not make any attempt to do business as partners, nor did they recognize the partnership relation in the course of their business dealings. After the purchase of the shares of stock, they elected a new board of directors, which board managed the affairs of the company as a corporation. It is a corporation, acting under its charter rights and powers, and we can see no reason why, if it be deemed advisable to dissolve it or wind up its business, the regular and lawful method of so doing should not be pursued. The referee was clearly right in holding that in the present proceeding he could not undertake to determine questions which wholly relate to the operation of the quarry by the corporation which owned it. The duty of McManus to provide a working capital for the operation of the quarry, if such a duty was imposed by the contract, and the right of Doughten to receive a salary as manager of the quarry, are matters to be determined between them and the corporation, and if these questions cannot be settled between the board of directors and the parties on the basis of an amicable adjustment, then resort must be had to proper legal proceedings looking to a receivership and winding up of the business of the corporation. In other words, the rights of these shareholders, whatever they are, must be worked out through the corporation and cannot be determined in a proceeding in equity treating them as partners. McManus paid for one-half the capital stock, and there has been no sufficient reason given to deny his right to have these shares transferred to him. This is all the decree entered by the court below gives him, and to this he is clearly entitled.

Decree affirmed at the cost of appellant.